IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                          Case Nos.:     3:10cr43/MCR/EMT
                                                           3:12cv20/MCR/EMT

DONELLE GULLEY
_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 476, 477). The Government filed a response (doc. 482), and Defendant filed a reply (doc. 484). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

## PROCEDURAL BACKGROUND[1]

Defendant was charged in two counts of a four-count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base ("Count One"), and conspiracy to use a telephone or cellular telephone to facilitate the commission of a felony ("Count Two") (doc. 69). Represented by appointed counsel Clinton Couch,

---

[1] Detailed statements of facts describing the offense conduct are set forth in the statement of facts and the Presentence Investigation Report (docs. 207, 329) and will be set forth herein only as necessary for discussion of Defendant's claims.

Defendant entered a plea of guilty pursuant to a written plea and cooperation agreement and statement of facts on May 14, 2010 (docs. 206–207). The Government moved to continue sentencing for Defendant and seven other cooperating defendants in this case in anticipation of filing sentencing motions that could impact the court's sentencing decisions (doc. 231). No 5K1 motion was filed in Defendant's case, however.

The Presentence Investigation Report ("PSR") held Defendant accountable for 38.18 kilograms of cocaine, yielding a base offense level of 34 (doc. 329, PSR ¶ 152). After a two-level increase for a co-conspirator's possession of a dangerous weapon and a three-level decrease for acceptance of responsibility, Defendant's total offense level was 33 (PSR ¶¶ 153, 158, 161). The then twenty-three-year-old Defendant was assessed two criminal history points for two juvenile convictions, and thus he had a criminal history category of II (PSR ¶¶ 165, 166, 168). At the time the PSR was prepared, Defendant also had a pending state charge for attempted first degree premeditated murder (PSR ¶ 171).[2] Defendant's guidelines imprisonment range was 151 to 188 months. Additionally, the statutory minimum term of imprisonment on Count One was ten years, and the statutory maximum on Count Two was four years (PSR ¶¶ 202, 203).

At sentencing, counsel proceeded with caution in what appeared to be an attempt not to hinder his client's continuing efforts at cooperation. Counsel stated that the defense response to the PSR was not intended to be in the form of objections, but rather "observations, suggestions, and requests" (doc. 463 at 2). Counsel noted that the defense request that Defendant be considered for a minor role reduction had been accommodated, but the conclusion was that he was not entitled to this reduction (*id*. at 3). Counsel also noted that the defense accepted the accuracy of the drug weight, after having noted a seeming disparity in the PSR (*id*.). Finally, counsel stated that the defense wanted Defendant to be considered for a substantial assistance motion, and he noted that the Government had declined to do this. Counsel stated "We certainly recognize that's entirely within the government's discretion, and we hope that he'll be considered for a Rule 35 should that be appropriate" (*id*.). Counsel then asked the court to consider the fact that Defendant acted in good faith to cooperate and provide assistance (although the Government had not found it appropriate to file the substantial assistance

---

[2] The online docket of the state court proceedings reflects that Defendant was acquitted after a jury trial in January of 2011.  *See*  http://www.escambiaclerk.com/xml/xmlBM.asp?ucase_id=297221.

Case Nos.: 3:10cr43/MCR/EMT; 3:12cv20/MCR/EMT

motion), and further urged the court to sentence Defendant to a term of 120 months, the mandatory minimum sentence on Count One (*id*. at 4–5). When asked to defend his request for a below guidelines sentence, counsel stated that he believed Defendant had come very close to earning a 5K1, and that Defendant had assisted the Government in corroborating information they already had (*id*. at 5). The Government concurred that Defendant had been cooperative and said it did not oppose a lower end guidelines sentence, but it did not agree with counsel's position that a deviation from the guidelines was warranted (*id*. at 7). It also noted that law enforcement would continue to interview Defendant to see if he had other information to provide (*id*. at 7–8).

The court requested the parties to address the circumstances of Defendant's pending state charge for attempted murder because the resolution of that charge could have an impact on its sentencing decision. The Government maintained that even if the state dropped charges against Defendant, it could prove the conduct by a preponderance of the evidence, as required for sentencing purposes. It also stated without hesitation that the conduct was related to the illegal narcotics trade and probably the conspiracy charged in this case (*id.* at 9–10). Defense counsel responded that Randall Ethridge, who was representing Defendant in state court, was confident that there would be an acquittal or a nolle prosequi (*id*. at 11–12). The court then stated:

> Mr. Couch, let me ask you, you are the one that has raised the issue of the 120-month sentence in this case. Mr. Goldberg expressed that the government had no objection to a low-end, 151-month sentence, based on his attempts, Mr. Gulley's attempts, to cooperate.
>
> So if you're willing to concede that and not push for the 120-month, then we'll just go forward today with 151 months. But if you feel strongly that he deserves the 120 months, then I want to wait and see what happens at that trial, because I may agree with you. But I can't assure you that if he is convicted, it won't be worse.

(*id.* at 12). The court recessed momentarily for counsel to confer with Defendant. After the brief recess, counsel informed the court that Defendant would withdraw his request to be sentenced to the minimum mandatory sentence (*id*. at 13). The court addressed Defendant directly, and in response to the court's questioning Defendant indicated that he concurred with what his counsel had said (*id*.). The court sentenced Defendant to a term of 151-months imprisonment on Count 1 and 48 months on Count 2, to run concurrently (*id*. at 14; docs. 357, 378). Judgment was entered on January 3, 2011 (doc. 357). Defendant did not appeal.

On June 7, 2011, the court received a pro se motion in which Defendant asked the court to reconsider the application of 18 U.S.C. § 3553(f), the "safety valve" (doc. 414).  Defendant specifically stated in the motion that it was not to be construed as either an appeal or a motion pursuant to 28 U.S.C. § 2255.  The district court denied Defendant's motion, stating that it did not have jurisdiction to reconsider judgment at that time (doc. 419).  It also noted that Defendant could file a § 2255 motion within the time provided by law.

Defendant filed his initial § 2255 motion pursuant to the prison mailbox rule[3] on January 8, 2012 (doc. 460).  Because he failed to include any factual support for his allegations, the undersigned directed him to file an amended motion (doc. 466).  Defendant did so, and the amended motion is currently pending before the court (docs. 476, 477).

In the present motion, Defendant raises three grounds for relief, one of which he has since abandoned.[4]  In his two remaining claims, Defendant contends that counsel provided ineffective assistance by failing to object to the Government's breach of the plea agreement; he also raises a separate claim of breach of the plea agreement.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d

---

[3] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[4] The undersigned scheduled an evidentiary hearing on Defendant's third claim for relief, in which he contended that counsel was constitutionally ineffective for failing to file an appeal, but this hearing was cancelled after Defendant filed a notice, through appointed counsel, indicating his intent to withdraw this claim (*see* docs. 545–549).

1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to

[defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two-part test also applies to guilty pleas. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an

experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been

unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

### Grounds One and Two

Defendant's first claim is that counsel was constitutionally ineffective because he failed to object to the Government's breach of the plea agreement. In his second claim, Defendant asserts an independent claim of breach of the plea agreement. Each of these claims thus depends upon a determination that the Government in fact breached the plea agreement, and the court's analysis begins there.

Defendant asserts two separate breaches of the plea agreement. Defendant first contends that the Government improperly refused to file a motion under U.S.S.G. § 5K1.1 because the information he provided did not result in charges or convictions. He asserts that pursuant to the plain language of

the agreement, whether charges or convictions resulted from his cooperation is an impermissible consideration in the Government's decision whether to file a § 5K1 motion.

The decision to file a 5K1 motion is a matter of prosecutorial discretion. *See* United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000); United States v. Orozco, 160 F.3d 1309, 1315 (11th Cir. 1998); United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. Wade v. United States, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under § 5K1.1 and 18 U.S.C. § 3553(e)); *see also* United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions). Even plea agreements that require the government to consider whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. Forney, 9 F.3d at 1499–1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. Wade, 504 U.S. at 185–86; United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009); Nealy, 232 F.3d at 831. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. Wade, 504 U.S. at 186.

Filing of a certification of substantial assistance generally signifies that a defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his or her attempts to assist. *See* United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." Orozco, 160 F.3d at 1315. A defendant's disappointment that his or her cooperation did not rise to the level of substantial assistance does not alone warrant a finding that the motion should have been filed.

Here, Defendant has suggested no constitutionally impermissible motivation for the Government's failure to file a substantial assistance motion. Instead, he asserts that the decision not to file a 5K1 motion was—contrary to the language of the plea agreement—based on the fact that no charges were filed or convictions obtained as a result of his cooperation. The plea agreement

provides that in order to be eligible to receive a substantial assistance motion, the United States Attorney must determine that Defendant provided "substantial assistance in the investigation or prosecution of other persons who have committed offenses" (doc. 206 at 5). It appears from the comments made at sentencing by defense counsel that the information Defendant provided was merely corroborative, and thus cumulative (doc. 463 at 5–6). It was not unreasonable or unlawful for the Government to conclude that the provision of cumulative or corroborative information alone did not rise to the level of providing substantial assistance. *Cf.* United States v. Hoobler, 252 F. App'x 983, 989 (11th Cir. 2007) (defendant received substantial assistance motion after providing corroborative testimony and expressed willingness to testify against a codefendant). The record is also clear that the door was still open for Defendant to continue to cooperate, if he chose to do so. In sum, the Government's failure to file a 5K1 motion did not result in a breach of the plea agreement in this case, and therefore counsel was not constitutionally ineffective failing to make a meritless objection to the Government's failure to do so. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

The second alleged breach of the plea agreement, of which Defendant complains, is the Government's recommendation of a specific sentence. Defendant asserts that although the plea agreement provided that the Government would not recommend a specific sentence, it did exactly that by "arguing that Gulley receive the low end of the advisory guideline range" (doc. 477 at 2).

Defendant's assertion seems to ignore other relevant language in the same paragraph containing the provision that was allegedly breached. The plea agreement specifically provides that the Government reserves the right to advise the district court of its version of the circumstances surrounding the commission of the charged offense, and "reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18 United States Code, § 3553(a)" (doc. 206 at 3).

The Government's agreement not to recommend a specific sentence does not preclude it from offering arguments as to the application of the Sentencing Guidelines and 18 U.S.C. § 3553(a) or where a sentence should fall in relation to the guidelines. For instance, the Eleventh Circuit has held in more than one case that it was not a violation of Defendant's plea agreement for the Government to argue for a higher than guidelines range sentence. *See, e.g.,* United States v. Thomas, 487 F.3d 1358, 1360–61 (11th Cir. 2007) (Government's argument for consecutive sentencing was not a breach of a Northern District of Florida plea agreement containing identical language); United States v. Girard, 440 F. App'x 894, 899–900 (11th Cir. 2011) (Government's argument for upward departure and upward variance was not a breach of a Northern District of Florida plea agreement containing identical language). In this case, the Government's position was that a departure from the applicable guidelines range was unwarranted, but that it would not object to a sentence at the lower end of the applicable range (doc. 463 at 7–8). Moreover, the first mention of the specific 151-month sentence at the bottom end of the guidelines range was made by the court (*id*. at 12). This court does not find the Government's acquiescence to the imposition of a low end guidelines sentence, as opposed to a mid-range or high-end sentence, tantamount to a recommendation of a specific sentence that would constitute a breach of the plea agreement.

Furthermore, with respect to his ineffective assistance of counsel claim, Defendant cannot show prejudice. Defendant specifically accepted, after consultation with counsel, imposition of the 151-month sentence rather than risk imposition of a greater sentence if his sentencing was postponed in order for the Government to prepare for the presentation of evidence related to Defendant's then-pending state court case (doc. 463 at 12–13).

Conclusion

Based on the foregoing, the court finds that Defendant has failed to show that any of his claims concerning the Government's alleged breach of the plea agreement have merit. Therefore, in light of Defendant's waiver of Ground Three of his motion, Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 476) be **DENIED**.
2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of June 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).